*Hardin, for appellant.*

---

### JOHN T. HIGGINS *v.* COMMONWEALTH.

**Criminal Law—Intoxicating Liquor.**

One not an employe or agent for the holder of license to operate a tavern cannot, as a defense to a charge of keeping a tippling house without a license, rely upon the license of another to protect him. The statute forbids the assignment of a license to retail liquors.

APPEAL FROM GARRARD CIRCUIT COURT.

January 8, 1880.

OPINION BY JUDGE HARGIS:

Mrs. Mason obtained license to keep tavern with the privilege of retailing liquors. Afterwards, while the license was in force, she rented her bar-room connected with the tavern to the appellant for the sum of $40 per month, and the payment by him to her of $200, the license fees to the trustees and to the state.

He retailed liquors in pursuance of his contract, and was indicted and fined $60 for keeping a tippling house. At the trial he relied upon the license of Mrs. Mason to protect him. The statute forbids the assignment or transfer of license to retail liquors.

Appellant had no right to sell liquors in the bar he had rented

from her for that purpose, without first having a license to himself to do so, and as she could not legally assign or transfer her license to him, his plea constituted no defense to the prosecution.

Wherefore the judgment is *affirmed.*

*R. M. & W. O. Bradley, for appellant. Hardin, for appellee.*